UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
|     NICOLE NADINE MORRIS, | : | CASE NO.:  10-97322 |
| | : | JUDGE DIEHL |
|     Debtor. | : | CHAPTER 13 |

_____

| | | |
|---|---|---|
| NICOLE NADINE MORRIS, | : | |
|     Plaintiff, | : | |
| v. | : | ADVERSARY PROCEEDING |
| WELLS FARGO BANK, N.A., | : | |
|     Defendant. | : | |

**COMPLAINT TO DETERMINE VALUE OF SECOND PRIORITY SECURITY INTEREST PURSUANT TO 11 U.S.C. § 506(a) AND (d)**

COMES NOW, NICOLE NADINE MORRIS (the "Plaintiff"), by and through her counsel, and files this Complaint to Determine Value of Second Priority Security Interest Pursuant to 11 U.S.C. § 506(a) and (d) against Wells Fargo Bank, N.A (the "Defendant"). In support of this Motion, the Plaintiff respectfully states the following:

**PRELIMINARY STATEMENT**

1.  This is an action brought by the Plaintiff pursuant to 11 U.S.C. § 506(a) and (d), 11 U.S.C. § 1322(b)(2), and Fed. R. Bankr. P. 3012 and 9014 to value the Defendant's interest in the Plaintiff's residential real estate and to determine the Defendant's allowable security interest.

**JURISDICTION**

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) because this adversary proceeding concerns claims and matters arising out of the administration of the underlying Chapter 13 bankruptcy case and rights established under Title 11 of the United States Code and other applicable Federal laws.

3. This Honorable Court has personal and subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2) and 1334.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

5. The Plaintiff is an individual residing in Fulton County, Georgia and filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on December 6, 2010 bearing Case Number 10-96777-MGD (the "Chapter 13 Case").

6. The Defendant is a corporation organized and existing under the laws of the State of Georgia and other States, with its principal place of business located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. The Defendant is FDIC insured.

## FACTUAL ALLEGATIONS

7. The Plaintiff filed the Chapter 13 Case disclosing her interest in real property located at 7155 Roswell Road, N.E., Unit 10, Atlanta, Georgia 30328 (the "Real Property").

8. The Plaintiff disclosed a debt owed to the Defendant on Schedule D of the Chapter 13 Case.

9. The Plaintiff included a provision in the filed Plan that her intent was to treat the second priority mortgage debt owed to the Defendant as unsecured, pending this Honorable Court's Order. A copy of the Plan filed in the Chapter 13 Case is attached as Exhibit A.

10. The Section 341 Meeting of Creditors Hearing was held on January 7, 2011 in Atlanta, Georgia. The Plan is set for confirmation on February 9, 2011.

11. The Real Property is titled solely to the Plaintiff.

12. Based upon information and belief, the Debtor's best estimate of the fair market value for the Real Property is $220,000, which is based on a recent sale of a similar property in the same community, specifically Unit 43.  Zillow's website lists the Real Property's value at $235,000, but the Plaintiff doesn't believe that valuation considers the recent sale of Unit 43 and the recent foreclosures in the Plaintiff's community.  A copy of the Fulton County Tax Assessor's records of the recent sale of Unit 43, and the Zillow.com valuation are attached as Exhibit A.

13. The Real Property is subject to two mortgage liens.

14. Wells Fargo Bank, N.A. holds the first priority mortgage for $250,281.52 (the "Priority Mortgage")[1].  The Proof of Claim filed into docket number 5 (the "Priority Mortgage") corroborates the balance owed the Priority Mortgage[2]. Based on the valuation in paragraph 10, the balance on the Priority Mortgage exceeds the fair market value of the Real Property.

15. The Defendant holds the second priority mortgage for approximately $34,170.00 (the "Second Priority Mortgage")[3].  A filed Proof of Claim has not corroborated this debt.

16. Based on the Real Property's value and the balance on the Priority Mortgage, there is no equity in the Real Property to which the Defendant's Second Priority Mortgage can attach.

17. The Defendant's claim is not secured by any other property of the Plaintiff's or the Plaintiff's bankruptcy estate.

18. Pursuant to 11 U.S.C. § 506(a), the Defendant's Second Priority Mortgage is wholly unsecured.

---

[1] The balance owed includes disputed fees for property inspection and preservation, bankruptcy and foreclosure fees.
[2] The Proof of Claim filed by the Defendant includes disputed fees more specifically detailed in Footnote 1.

19. Any timely filed Proof of Claim filed by the Defendant for the junior lien should only be funded as a general non-priority unsecured claim.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant the following relief:

1. Order the Defendant to cancel its Second Priority Mortgage on the Real Property pursuant to 11 U.S.C. § 506(d) immediately upon entry of the Plaintiff's Discharge Order and deliver the same to the Plaintiff's counsel within 30 days from the date the Discharge Order is executed and filed into the Chapter 13 Case.

2. Direct the Chapter 13 Trustee that any timely filed Proof of Claim filed by the Defendant for the Second Priority Mortgage be treated as a general non-priority unsecured claim and funded pursuant to the confirmed Plan;

3. That each party be responsible for its own fees and costs associated with this Complaint;

4. For such other relief as this Honorable Court deems just and proper.

January 24, 2011

Respectfully Submitted,
Van Wieren Law Firm, LLC
Attorney To Debtor

/s/_____
Angel M. Van Wieren
Georgia Bar No.: 123009
675 Seminole Ave., NE #104
Atlanta, GA 30307
P: (404) 963-7408
angel@vanwierenlaw.com

---

[3] The Plaintiff's counsel confirmed by telephone that the Defendant holds the Second Priority Mortgage.

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                           :        CASE NO.: 10-96777
    NICOLE NADINE MORRIS,                :
Debtor.                                          :        CHAPTER 13

CHAPTER 13 PLAN

Extension ( )                                           Composition (X)

       You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of $550.00 monthly to Trustee by [ ] Payroll Deduction(s) or by [XX] Direct Payment(s) for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

       The following alternative provision will apply if selected:
            IF CHECKED, Plan payments will increase by $0 on or about _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $3,500 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $691.00 was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first

disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $1,000.00 after the payment of adequate protection payments and administrative fees.  The remaining balance of the fees shall be paid up to $100.00 per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed  $2,809.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

**HOW ADDITIONAL NON-BASE FEES ARE TO BE PAID:**

Debtor and Debtor's attorney have agreed that if circumstances not presently known require more than the usual and customary services, Debtor's attorney may file a fee application for additional compensation at the rate of $200 per hour. Debtor and Debtor's attorney have further agreed that any services not listed in paragraph 6 of the 2016(b) disclosure statement shall constitute work beyond the usual and customary services. If the application for additional attorney's fees is approved by the court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph b(i) above. If the base fee has been paid in full, then the fee shall be paid up to $200 per month, and the distribution creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

5. **Priority Claims.**

    (A). **Domestic Support Obligations.**

    XXX None.  If none, skip to Plan paragraph 5(B).

    (i).  Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows.  *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).
    _____

    (iii).  Anticipated Domestic Support Obligation Arrearage Claims

    (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    XX None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| NONE | NONE | NONE |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

XX None; or

Claimant and proposed treatment:_____

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| NONE | |

1. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:
___ directly to the creditor; or
___ to the Trustee pending confirmation of the plan

| Creditor | Collateral | Adequate protection payment amount |
|---|---|---|
| NONE | | |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was

Page 3 of 7 Nicole N. Morris Chapter 13 Plan

incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

XX None; or

| Creditor | Collateral | Purchase date | Claim amount | Interest rate | Monthly payment |
|---|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE | NONE |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

___None; or

| Creditor | Collateral | Purchase date | Claim amount | Interest rate | Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto Finance 3901 Dallas Pkwy Plano, TX 75093 | 2005 Lexus GX | 03/2005 | $1,945.00 | 4.25% Till | $200.00 every month until loan is paid in full. |

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor

Page **4** of **7** Nicole N. Morris Chapter 13 Plan

requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| Creditor | Property description | Estimated pre-petition arrearage | Projected monthly arrearage payment |
|---|---|---|---|
| Wells Fargo Home Mtg. 8480 Stagecoach Cir. Frederick, MD 27107 | 7155 Roswell Rd., #10 Atlanta, GA 30328 | $10,200.00 | $180.00 |
| Wells Fargo Bank NV, NA PO Box 31557 Billings, MT 59107 | 7155 Roswell Rd., #10 Atlanta, GA 30328 | | |
| Wyngate at Spalding 7155 Roswell Rd., NE Atlanta, GA 30328 | 7155 Roswell Rd., #10 Atlanta, GA 30328 | $511.00 | $20.00 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (d) Creditor | (e) Collateral to be surrendered |
|---|---|
| NONE | NONE |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $84,277.12. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $24,947.46 or 30%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are

Page **5** of **7 Nicole N. Morris Chapter 13 Plan**

made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

XXX None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| NONE | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

    (A). **Special classes of unsecured claims.** Debtor will fund the student loan debt through this Plan, with the monthly amount to be determined.

    (B). **Other direct payments to creditor.** Debtor will pay the priority mortgage payment directly to the creditor on a timely monthly basis. Debtor will pay the HOA fees directly to the creditor on a timely monthly basis.

    (C). **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors: N/A.

    (E). **Other Provisions:**
        1. **Tax Refund**: Any federal tax refunds the Debtor is entitled to receive for the calendar years ending 2010, 2011, 2012, 2013, and 2014 (the "Plan Years") shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for the Plan Years directly to the Debtor's Chapter 13 Trustee.

Page 6 of 7 Nicole N. Morris Chapter 13 Plan

    2. <u>Wholly Unsecured Lien Strip</u>: Debtor will file a Motion to Determine the Secured Status of Wells Fargo Bank NV, NA and to Strip Lien Effective upon Discharge.  If the Court grants this Motion, Wells Fargo Bank NV, NA's claim will be deemed wholly unsecured and the lien securing Wells Fargo Bank NV, NA's claim will be voided upon discharge.  Accordingly, the Plan will treat Wells Fargo NV, NA's claim as a general unsecured claim, governed by paragraph 7 of this Plan, and Debtor will make no direct payments to Wells Fargo NV, NA.

Date: December 6, 2010

/s/_____
NICOLE NADINE MORRIS
Debtor

VAN WIEREN LAW FIRM, LLC
Attorney to Debtor

/s/_____
ANGEL M. VAN WIEREN
Attorney

# EXHIBIT "B"

Map | US | Georgia | **Sandy Springs**    Views: 7

See how much you could save by shopping on Zillow Mortgage Marketplace.

# 7155 Roswell Rd NE APT 10

,

**Zestimate®:**    **$235,000**
Value Range:    $195K – $268K

**Monthly payment:** **$944**
See current rates on Zillow
Check your 2010 Credit Score



© 2010 Microsoft Corporation  © 2010 NAVTEQ  © AND
Pictometry Bird's Eye © 2010 Pictometry International Corp

No photos available for this property

| | |
|---|---|
| Bedrooms: | 2 |
| Bathrooms: | 2.5 |
| Sqft: | 2,150 |
| Lot size: | 2,150 sq ft / 0.05 acres |
| Property type: | Condo |
| Year built: | 1980 |
| Parking type: | -- |
| Cooling system: | Central |
| Heating system: | -- |
| Fireplace: | Yes |
| Last sold: | May 18 2007 |

## Description

This 2150 square foot condo home has 2 bedrooms and 2.5 bathrooms. It is located at 7155 Roswell Rd NE Atlanta, Georgia. This home is in the Fulton County School District. The nearest schools are Woodland Elementary School, Sandy Springs Middle School and North Springs High School.

More facts

Post for sale/rent    Save    Share    E-mail me    Edit    Print

## Charts and Data

| | Value | Range | 30-day change | $/sqft | Last updated |
|---|---|---|---|---|---|
| Zestimate® | $235,000 | $195K – $268K | +$7,000 | $109 | 12/04/2010 |
| My estimate | Create estimate | | | | |
| Owner Comment | Post a comment | | | | |

**Show**

◉ Zestimate ($)

◯ Zestimate (% change)

◯ Listing price

◯ Tax assessment

◯ Tax paid

◯ Page views

**Time period**

◯ 1 month

◯ 1 year

◉ 5 years

◯ 10 years

Compare 30328 to nearby areas



Maps and Views

**Show**

☐ Zestimates

☐ Schools

☐

View home on larger map

Local amenities provided by

Grocery Stores

☐ Coffee and Bakery

☐ Parks

☐ Restaurants

☐ Gas Stations

**Drive time**

Enter address …

Duration: --

Distance: --

**Financing**

Loan program

○ Purchase

◉ Refinance

Location

Georgia

Zillow Mortgage Marketplace

| Lender | Rate | APR | Fees |
|---|---|---|---|
| Grant Eshback<br>Open Home Mortgage, Inc<br>(17) | 4.375% | 4.425% | $1,410 |
| CBC National Bank<br>(77) | 4.500% | 4.530% | $852 |
| Roundpoint Mortgage<br>(61) | 4.375% | 4.457% | $2,343 |

See more quotes

Ads by Google

**View Bank Owned Homes**
Search for Foreclosed Homes Online Get Low Prices on Bank Foreclosures
BankOwnedHomes.Reply.com

**Free Foreclosure Listings**
Search Over 1.5 Million Foreclo Free!
RealtyTrac.com

| CONTACT US | HELP


## FULTON COUNTY
### BOARD OF ASSESSORS

County > State

**Home** | **Property Records**

Owner Name | Address | Parcel | Advanced

| Search by Address | | No | Street * | | Suffix | Direction |
|---|---|---|---|---|---|---|

| Filter By | | | | | | Roll |
|---|---|---|---|---|---|---|
| | | | | | | -Any- |

| Options | Sort by: | Parcel ID | Ascending | Results/page: | 15 |
|---|---|---|---|---|---|

\* required                                   **Data Current as of** 10 Jan 2011

**Click rows to view property details**                Results **16 - 30** of **56**

| Parcel ID ▲ | Owner | Complete Address | Roll |
|---|---|---|---|
| 17 007400060165 | DYCKMAN LYNNE | 7155 ROSWELL RD 16 | RE |
| 17 007400060173 | AKERS KARIN | 7155 ROSWELL RD 17 | RE |
| 17 007400060181 | GLENN DEBORAH A | 7155 ROSWELL RD 18 | RE |
| 17 007400060199 | KEETER JEWEL M | 7155 ROSWELL RD 19 | RE |
| 17 007400060207 | WILSON STEPHEN M & ... | 7155 ROSWELL RD 20 | RE |
| 17 007400060215 | LEADERMAN ELIZABETH | 7155 ROSWELL RD 21 | RE |
| 17 007400060223 | JONES WILLIAM R & | 7155 ROSWELL RD 22 | RE |
| 17 007400060231 | ELSON LYNN K | 7155 ROSWELL RD 37 | RE |
| 17 007400060249 | PRESSMAN JOAN F | 7155 ROSWELL RD 38 | RE |
| 17 007400060256 | TARANTO ROSALIND P | 7155 ROSWELL RD 39 | RE |
| 17 007400060264 | GINSBERG F ROBERT & | 7155 ROSWELL RD 40 | RE |
| 17 007400060272 | HUMPHRIES FRANKLIN ... | 7155 ROSWELL RD 41 | RE |
| 17 007400060280 | MARGER EUGEN L & JO... | 7155 ROSWELL RD 42 | RE |
| 17 007400060298 | MINNEAR ROBERT E | 7155 ROSWELL RD 43 | RE |
| 17 007400060306 | KURTZ DONNA R | 7155 ROSWELL RD 44 | RE |

Results Page:   << Prev   1 **[2]** 3 4   Next >>

🖨 Printable Version

Data Copyright Fulton County  [Disclaimer]  [Privacy Policy]  Last Updated: 10 Jan 2011

Site Design Copyright 1999-2005 Akanda Group LLC. All rights reserved.

PARID: 17 007400060298
MINNEAR ROBERT E                                                                                      7155 ROSWELL RD 43

### Parcel

| | |
|---|---|
| Parcel ID | 17 -0074-0006-029-8 |
| Address | 7155 ROSWELL RD |
| City | FUL |
| Neighborhood | 9971 |
| Class | R3 |
| Land Use Code | 106-Single Family Residential Condominium |
| Acres | .0563 |
| Utilities | 1-ALL PUBLIC/-/- |
| Tax District | 59 |
| Tax Year | 2010 |

### Owner

| | |
|---|---|
| Owner Name | MINNEAR ROBERT E |

### Building

| | |
|---|---|
| Card | 1 |
| Stories | 2 |
| Physical Condition | 3-AVERAGE |
| Grade | B |
| CDU | GD-GOOD |
| Exterior Wall | 9-CONCRETE |
| Year Built | 1980 |
| Living Area | 2,440 |
| Bedrooms | 2 |
| Attic | 1 |
| Basement | 1-NONE |
| Full Baths | 2 |
| Half Baths | 1 |
| Pre Fab Fireplace | 1 |
| Masonry Fireplaces | |
| Garage | |

### Current Values - 2010

| | |
|---|---|
| Year | 2010 |
| Appraised Land | $70,600 |
| Appraised Building | $201,400 |
| Total Appraised Value | $272,000 |
| Assessed Land | $28,240 |
| Assessed Building | $80,560 |
| Assessed Total | $108,800 |

### Sales

| Sale Date | Sale Price | Grantee | Grantor |
|---|---|---|---|
| 12-MAY-10 | $220,000 | SANTINELLI JARED A & MARTIN CAITLIN A | MINNEAR ROBERT E |
| 07-DEC-90 | $169,400 | | |
| 11-SEP-87 | $165,000 | | |
| 11-OCT-55 | $212,500 | | |

### Sale Details                                                                                                    1 of 4

| | |
|---|---|
| Sale Date | 12-MAY-10 |
| Sale Price | $220,000 |
| Grantee | SANTINELLI JARED A & MARTIN CAITLIN A |
| Grantor | MINNEAR ROBERT E |
| Book | 49077 |
| Page | 0303 |